**Paul A. WOOD, Plaintiff-Appellant,**

v.

**STARK TRI–COUNTY BUILDING TRADES COUNCIL et al., Defendants-Appellees.**

**No. 72–1565.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1972.

Decided Feb. 8, 1973.

Roy Browne, Akron, Ohio, for plaintiff-appellant; Joseph Sheban, Youngstown, Ohio, on brief.

Jules Markowitz, Cleveland, Ohio, James O. Cross, Robert E. Shuff, Akron, Ohio, Alan S. Belkin, Mortimer R. Riemer, Lawrence Oberdank, Cleveland, Ohio, for defendants-appellees; Jeffrey A. Belkin, of Belkin & Belkin Co., L. P. A., of Riemer & Oberdank, Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, and WEICK and MILLER, Circuit Judges.

PHILLIPS, Chief Judge.

In this diversity action, plaintiff, a Virginia resident, sues the defendant labor council and twelve constituent labor unions, all of Ohio. He claims that, be-

cause he was employing some non-union labor, defendants, acting through their members and employees, maliciously and wilfully damaged and destroyed his property on the job site, including materials and equipment. The complaint sought compensatory damages of $1.5 million and punitive damages of $1.5 million.

In response to a question during pretrial discovery proceedings, plaintiff said that the cost of repairing property personally owned by him which allegedly had been damaged and destroyed, was $3,000. The rest of the property damage apparently was suffered by the corporation formed by plaintiff with which he was building apartments. The suit, brought in the District Court for the Northern District of Ohio, was dismissed on summary judgment for failure to satisfy the $10,000 jurisdictional amount required by 28 U.S.C. § 1332(a).

The jurisdictional amount requirement has been a part of the federal judicial system since its inception. A $500 minimum amount in controversy in diversity actions was included in the Judiciary Act of 1789. 1 Stat. 73. The amount has been successively raised to $2,000, 24 Stat. 552, $3,000, 36 Stat. 1091, and $10,000, 28 U.S.C. § 1332(a).

The determination of the amount in controversy is fairly uncomplicated when the plaintiff seeks liquidated damages, the amount in controversy being the total of the liquidated damages. In the unliquidated damages situation, as in the present case, the courts generally apply a good faith standard to the plaintiff's complaint. If the plaintiff's claim is in good faith for an amount higher than the jurisdictional amount, then jurisdiction exists in the federal court unless it appears to a legal certainty that more than the jurisdictional amount could not be recovered by the plaintiff. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Fireman's Fund Ins. Co. v. Railway Express Agency, 253 F.2d 780, 782 (6th Cir. 1958).

In the present case, although $1.5 million in actual damages were claimed by plaintiff, the District Court concluded on motion for summary judgment that only $3,000 can be proved by him. This conclusion was based upon the answer of plaintiff to a question on interrogatories during discovery proceedings. The response of plaintiff to the inquiry was directed only to the cost of repairing equipment personally owned by him. Plaintiff claims actual damages substantially in excess of $3,000. He asserts that other equipment damaged by the Union was never repaired, and that repairs to the damaged equipment did not restore the property to its original value. He further asserts that he personally had guaranteed a construction loan of $1,-900,000 from the Equitable Life Assurance Society of the United States. This loan was made to the corporation whose stock was owned by plaintiff. Plaintiff personally guaranteed that the apartment building:

> "[B]eing erected by himself or a corporation controlled by him will be completed in accordance with the terms, covenants and conditions of the aforesaid building and loan agreement and in accordance with plans and specifications now on deposit with the Society and in conformity to existing zoning and restrictions of record, free and clear of any and all claims or liens for labor performed or material furnished in connection with the construction and completion of said apartment building . . . arising out of any failure to so complete the said building on or before April 11, 1967."

He charged in his amended complaint, that due to Union demands on the Equitable and threat of a national boycott, Equitable refused to make installment payments on the loan as they came due. He claims already to have expended more than one half million dollars of personal funds.

He further asserts that a personal assault was made upon him by Union members.

274

Assuming that the District Court was correct in its conclusion that not more than $3,000 in actual damages can be proved by plaintiff, the inquiry on this appeal focuses upon whether there is a legal certainty that plaintiff could not recover more than $7,000 in punitive damages, if he were successful in establishing only $3,000 in actual damages.

 It is clear that punitive as well as compensatory damages claimed by plaintiff are to be considered in the determination of whether the requisite jurisdictional amount is actually in controversy. Bell v. Preferred Life Society, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943); Barry v. Edmunds, 116 U.S. 550, 562, 6 S.Ct. 501, 29 L.Ed. 729 (1886).

In the application of the legal certainty test, most courts have found a legal certainty that more than the jurisdictional amount could not be recovered only where the applicable state law barred the type of damages sought by the plaintiff. Vance v. Vandercook Co., 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111 (1898) (applicable state law did not permit punitive damages in a trover action); Parmalee v. Ackerman, 252 F.2d 721 (6th Cir. 1958) (mental distress damages not recoverable under state law).

In this tort action, the law of the place of the tort governs the amount of damages recoverable. Bell v. Preferred Life Society, *supra*; Hupp Motor Car Corp. v. Wadsworth, 113 F.2d 827 (6th Cir. 1940). There is no doubt that the law of Ohio permits punitive damages for wilfull and malicious torts. Saberton v. Greenwald, 146 Ohio St. 414, 66 N.E.2d 224 (1946); Roberts v. Mason, 10 Ohio St. 277 (1859). There is no indication that under Ohio law there need be any mathematical relationship between the actual and punitive damages in a particular case. In fact, in a recent Ohio case, a judgment for $900 actual and $15,000 punitive damages was affirmed. Manning v. Buick, 28 Ohio App. 2d 203, 276 N.E.2d 253 (1971).

We conclude that on the record in the present case there is not a legal certainty that plaintiff here could not have recovered more than the $10,000 jurisdictional amount. Dismissal therefore was improper. We hold that the District Court has jurisdiction to entertain the suit.

Reversed and remanded for a trial on the merits.