Willie **WORTHAMS**, Plaintiff-Appellant,

v.

**ATLANTA LIFE INSURANCE COMPANY**, Defendant-Appellee.

No. 75–1589.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 18, 1976.

Decided April 15, 1976.

Richard Hulon Donnell, Jackson, Tenn., for plaintiff-appellant.

John R. Moss, Moss & Benton, Jackson, Tenn., for defendant-appellee.

Before PHILLIPS, Chief Judge, and WEICK and LIVELY, Circuit Judges.

PHILLIPS, Chief Judge.

Two questions are presented on the appeal in this diversity case:

(1) Is the action for libel barred by the Tennessee one-year statute of limitations, or was the period of limitation tolled by the Tennessee "saving statute," T.C.A. § 28–106.[1]

1. 28–106. New action after adverse decision not foreclosing merits.—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. [Code 1858, § 2755 (deriv. Acts 1715, ch. 27, § 6; 1819, ch. 28, § 3); Shan., § 4446; mod. Code 1932, § 8572.]

The District Court held that the action for libel is barred by limitation and is not "saved" by T.C.A. § 28–106. We affirm.

(2) Is the District Court without jurisdiction because, after the libel action has been eliminated, the amount in controversy is less than $10,000? The District Court dismissed for lack of jurisdiction, on the ground that less than $10,000 is involved. 28 U.S.C. § 1332(a). We reverse and remand.

On August 5, 1971, appellant Willie Worthams filed a pro se complaint in the District Court, alleging wrongful termination of Worthams' services as staff manager of the Jackson, Tennessee, District for the defendant insurance company. Worthams charged that defendant's falsification of records, failure of communication, investigation or fair hearing, and its filing a letter of protest with the Tennessee department having jurisdiction over unemployment compensation, caused him to suffer economic hardship, "mental and emotional distress arising from the effects of family and marital troubles largely due to the embarrassment of dismissal and lower standard of living than my family was accustomed." Worthams sought commissions due him worth $479, a pay differential of $520 and $100,000 for "economic and financial hardships." The insurance company filed a motion to dismiss for failure to state a claim upon which relief could be granted. The District Court entered an order on January 21, 1972, dismissing the action without prejudice.

On January 5, 1973, appellant, aided by counsel, filed an "amended" complaint which set out claims for relief with greater specificity than the 1971 pro se complaint. A significant portion of this "amended" complaint dealt with a claim for libel against the insurance company. Worthams stated that the Company:

[K]nowingly and maliciously did cause a damaging report, containing false and untrue statements regarding plaintiff's association with said defendant company and credit standing, with the intention of causing plaintiff grave harm by closing all chances of plaintiff getting employment or business credit, to be given to the Jackson Retail Credit Bureau.

Damages were claimed under the libel count in the sum of $100,000. Additional recovery was sought for unpaid commissions and a bond deposit, a sum totaling $7,900. The District Court sustained the motion of the insurance company for summary judgment as to the libel claim on the ground that it was first raised in the complaint filed January 5, 1973, not within the statutory limitation period for filing such actions under T.C.A. § 28–304.

Subsequent to this first order, defendant filed a motion to dismiss the entire action for lack of jurisdiction since the amount in controversy was now less than $10,000. The District Court concluded that "since the claims for libel and slander were barred by the statute of limitations at the time they were filed, they cannot properly be considered in determining whether the jurisdictional amount is involved." Therefore, since the remainder of the claims totaled $7,900, the District Court dismissed Worthams' action for lack of jurisdictional amount. Worthams appeals to this court from both orders.

I.

Worthams claims that the January 5, 1973, complaint was an "amended complaint" within the definition of Fed.R.Civ.P. 15(c). We find no merit in this contention. The original complaint was disposed of by order of dismissal, without prejudice, for failure to allege sufficient facts to constitute a cause of action against the insurance company. The second complaint was entitled "amended complaint" and Worthams undertook to use the same civil action number as in the first suit. The record shows that the word "amended" has been stricken and a new civil action number assigned. The January 5, 1973, complaint must be viewed as a new cause of action and not as an amended complaint. The statute of limitations applicable to a cause of action for libel is one year from the time the action accrued. T.C.A. § 28–304. There can be no

doubt that literal application of this limitation bars the Worthams' cause of action for libel.

We agree with the District Court that the right of action for libel was not "saved" by T.C.A. § 28–106. The leading Tennessee case on interpretation of the "saving statute" is *Moran v. Weinberger,* 149 Tenn. 537, 260 S.W. 966 (1923), in which the Supreme Court of Tennessee stated:

Now it is this right to bring an action based upon a sound cause of action which is proposed to be preserved by this statute. Of course, in bringing a new suit under this statute, as said by Mr. Justice Lurton in *Hughes v. Brown,* 88 Tenn. [578], 584, 13 S.W. [286], 287, 8 L.R.A., 480, the new suit must be "substantially for the same cause of action;" but the plaintiff is further limited in his new proceeding by the restrictions upon his action as fixed by the judicial proceeding originally adopted by him to enforce his rights. This basic restriction is to be found in the face of the statute. "If the action is commenced," is the opening language, expressive of the fundamental condition imposed. It is to the action commenced that the provisions following apply. So in *Sweet v. Electric Light Co.,* 97 Tenn., 252, 36 S.W., 1090, and elsewhere, this court has held that, when the first suit was brought in a court having no jurisdiction, this statute does not apply. There had been no suit "commenced" in compliance with the initial requirement of the statute. And see *Coal Co. v. Daniel,* 100 Tenn., 65, 75–79, 42 S.W., 1062; *Coal, Iron & Railway Co. v. Minton,* 117 Tenn., 424, 425, 101 S.W., 178, 11 L.R.A.(N.S.), 478.

Counsel stresses the word "new" in the expression "commence a new action within a year," but the statute must be construed as a whole, and, while necessarily new in the sense that it is a beginning, is freshly started, it is well settled that it must be confined in its parties and purpose, and in the cause on which the action rests, to its original limits. 149 Tenn. at 545–46, 260 S.W. at 968.

Since the libel claim did not constitute "substantially the same cause of action" as set out in the original suit, we agree with the conclusion of the District Court that: "The prior complaint did not raise and could not reasonably be construed to raise the issues of slander and/or libel against the defendant." We, therefore, affirm the order of November 12, 1974, granting the motion for summary judgment on the issue of libel.

## II.

The amount in controversy for federal diversity jurisdiction purposes is determined as of the time the action is commenced. Subsequent actions cannot divest the court of jurisdiction, once it has been acquired. This court stated in *Tullos v. Corley,* 337 F.2d 884, 887–88 (6th Cir. 1964):

The complaint should not be dismissed for want of jurisdiction if demand is made for more than the jurisdictional amount, unless it appears to a legal certainty that plaintiff cannot recover the jurisdictional amount. *Scottish Union & National Insurance Company v. Bejcy,* (C.A.6, 1953) 201 F.2d 163; *Fireman's Fund Insurance Co. v. Railway Express Agency,* (C.A.6, 1958) 253 F.2d 780.

Absolute certainty is not required. It is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount. Barron & Holtzoff-Wright Federal Practice and Procedure, Rules Edition, 1960, Vol. 1, Section 24, page 108. See *Aetna Casualty & Sur. Company v. Flowers,* (1947) 330 U.S. 464, 67 S.Ct. 798, 91 L.Ed. 1024.

The amount that is claimed in good faith controls jurisdiction, unless such amount is merely colorable and beyond reasonable expectation of recovery.

See, *Jeffers v. Silvercup Bakers, Inc.,* 434 F.2d 310 (7th Cir. 1970); *Firemans Fund Ins. Co. v. Railway Express Agency,* 253 F.2d 780 (6th Cir. 1958); Annotation, 47 A.L.R.2d 651.

The District Court took the position that since the libel claim was barred by the statute of limitations, the monetary amount

of such claims could not be considered in determination of the jurisdictional amount. Tullos, however, states that it must appear "as a legal certainty" that a plaintiff may not recover the jurisdictional amount. The second complaint contained a good faith claim in excess of $10,000. This claim is not revealed to be clearly colorable from an examination of the complaint itself. When the amount recoverable drops below the jurisdictional limit of $10,000 only as a result of discovery and application of a legal defense, a district court does not lose jurisdiction and should proceed to decide the remaining issues. We hold that the District Court in the present case incorrectly dismissed the action for failure to assert the requisite monetary limit for diversity jurisdiction. We, therefore, remand the case to the District Court for determination of the remaining issues.

No costs are taxed. Each party will bear his own costs on this appeal.