**Pearl SELLERS, Administratrix of Estate of Clay D. Sellers, Deceased, Plaintiff-Appellant,**

v.

**John J. O'CONNELL, et al., Defendants-Appellees.**

No. 81–5829.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 18, 1983.

Decided Feb. 28, 1983.

Howard A. Specter (lead counsel), Michael Buchwach (argued), Pittsburgh, Pa., Stanley E. Preiser, Preiser & Wilson, Charleston, W.Va., Peter Perlman, Lexington, Ky., for plaintiff-appellant.

William F. Hanrahan (lead counsel), United Mine Workers of America Health & Retirement Funds, E. Calvin Golumbic, Israel Goldowitz (argued), Washington, D.C., E.H. Rayson, Kramer, Johnson & Rayson, Knoxville, Tenn., Bruce A. Levy, Todd, Smith & Levy, Pikeville, Ky., for defendants-appellees.

Before KENNEDY, CONTIE and WELLFORD, Circuit Judges.

CONTIE, Circuit Judge.

Pearl Sellers appeals a district court order dismissing her suit for failure to state a claim upon which relief can be granted under 29 U.S.C. § 186(e) and for lack of subject matter jurisdiction under 28 U.S.C. § 1332. Mrs. Sellers replaced her husband as a party on August 30, 1976, after the latter's death. We affirm.

In November, 1965, Clay Sellers applied for pension benefits from the United Mine

Workers of America Welfare and Retirement Fund ("Fund"). The Fund trustees denied the claim because Sellers had not met eligibility requirements. Believing that he had satisfied all requirements, Sellers supplied additional information several times in an attempt to receive benefits. On November 30, 1972, the trustees finally authorized the pension. Eligibility was retroactive, however, not to January 1966, as had been requested by Sellers, but only to June, 1972. The trustees limited the retroactive benefits pursuant to Resolution 72, a rule the trustees had previously adopted. Though Resolution 72 is not applicable to claims arising after December 6, 1974, the Fund wishes to apply it to Sellers' 1965 application for pension. Had the trustees not granted partial retroactive benefits, Sellers' claim would have been for $10,575 on the date suit was filed. After the trustees' decision, Sellers' claim was reduced to $9,875. Appellant still seeks benefits in the latter amount.

Sellers filed suit under 29 U.S.C. § 185(c) on December 1, 1972 and received notice of the trustees' prior decision to authorize the pension on December 4, 1972. On January 14, 1973, Sellers amended the complaint to assert a class action. This court held in *Miller v. Davis,* 507 F.2d 308 (6th Cir.1974), that although § 185(c) did not confer jurisdiction, Sellers should be granted leave to amend his class action complaint. He did so on December 11, 1974, alleging jurisdiction under 29 U.S.C. § 186(e) and 28 U.S.C. § 1332.

## I.

■ The district court held that although § 186(e) supplied jurisdiction, appellant had not stated a claim under that provision. The Fund has argued throughout this litigation that jurisdiction is not present under § 186(e). We disagree. Section 186(e) grants the district court jurisdiction to restrain violations of the entire section. Section 186(c)(5) authorizes the creation of trust funds "for the sole and exclusive benefit of the employees" of an employer. The Supreme Court has held that federal courts

have jurisdiction to remedy structural defects in pension funds permitted under § 186(c)(5), *Arroyo v. United States,* 359 U.S. 419, 426–27, 79 S.Ct. 864, 868–869, 3 L.Ed.2d 915 (1959), because such defects render the trust plan not for the sole and exclusive benefit of the employees.

■ The courts of appeals have generally held that arbitrary and capricious eligibility rules are structural defects because such rules affect the entire operation of the trust. *See, e.g., Knauss v. Gorman,* 583 F.2d 82, 86 (3d Cir.1978); *Johnson v. Botica,* 537 F.2d 930, 933–34 (7th Cir.1976); *Alvares v. Erickson,* 514 F.2d 156, 165–67 (9th Cir.), *cert. denied,* 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106 (1975). Since Sellers has alleged that Resolution 72 is an arbitrary and capricious rule, § 186(e) provides jurisdiction. *See Local Union No. 5 v. Mahoning and Trumbull County Trades Welfare Fund,* 541 F.2d 636, 638 n. 2 (6th Cir.1976).

We do not interpret *United Mine Workers of America Health and Retirement Funds v. Robinson,* 455 U.S. 562, 102 S.Ct. 1226, 71 L.Ed.2d 419 (1982), cited by the Fund, to require a different result. In that case, the Court refused to review for reasonableness certain pension eligibility rules negotiated into a collective bargaining agreement. Appellee contends that *Robinson* precludes this court from reviewing Resolution 72 for reasonableness, arbitrariness or capriciousness.

The present case is distinguishable, however, because Resolution 72 was created not by a collective bargaining agreement, but by the Fund's trustees. While the Supreme Court specifically refused in *Robinson* to apply cases which had allowed review of trustee-created eligibility rules, the Court did not overrule those cases. Absent a clearer indication that *Robinson* governs trust fund rules formulated by trustees as well as those included in collective bargaining agreements, we hold that § 186(e) provides jurisdiction over the present claim.

■ Though the federal courts have jurisdiction, Sellers has failed to state a claim upon which relief can be granted under

§ 186(e). That section permits the district court "to restrain violations" of its provisions. It therefore authorizes only injunctive relief. *See, e.g., Souza v. Western Conference of Teamsters,* 663 F.2d 942, 945 (9th Cir.1981); *Snider v. All State Administrators, Inc.,* 481 F.2d 387, 390 (5th Cir.1973), *cert. denied,* 415 U.S. 957, 94 S.Ct. 1484, 39 L.Ed.2d 571 (1974). Since appellant has requested monetary rather than injunctive relief, the complaint fails to state a claim.

■ Secondly, this circuit has been unwilling to invalidate trust fund rules "where there is no intimation of bribery, extortion, or union misuse of funds that would strike at the purposes of section 186." *Mahoning and Trumbull, supra* at 639. Since appellant has not alleged any of these things, the district court properly dismissed the § 186(e) claim.

## II.

The district court dismissed appellant's 28 U.S.C. § 1332 claim on jurisdictional grounds for failure to satisfy the amount in controversy requirement. Appellant makes three arguments: 1) the complaint alleged in good faith that more than $10,000 was in controversy, 2) the claim for punitive damages should have been included in determining whether the required amount was present and 3) the class action plaintiffs should have been permitted to aggregate their claims in order to establish the necessary amount. We consider each of these contentions in turn.

■ The procedural facts of this case are somewhat atypical because the original complaint filed on December 1, 1972 did not allege diversity jurisdiction. *Miller v. Davis, supra* at 311. Pursuant to the *Miller* court's instruction to amend, Sellers first alleged jurisdiction under § 1332 on December 11, 1974. Nevertheless, the rule in this circuit is that "the amount in controversy for federal diversity jurisdiction purposes is determined as of the time the action is

commenced." *Worthams v. Atlanta Life Insurance Co.,* 533 F.2d 994, 997–98 (6th Cir.1976). *See also King v. Morton,* 520 F.2d 1140 (D.C.Cir.1975); 14 *Wright & Miller* § 3702 at 379 (1976). Since an action is commenced by filing a complaint, *Fed.R. Civ.P.* 3, the amount in controversy must be determined as of December 1, 1972 rather than December 11, 1974 when the amended complaint was submitted.

■ The general rule is that the amount claimed in good faith by the plaintiff controls unless it appears to a legal certainty that the claim is for less than the jurisdictional amount or unless the amount claimed is merely colorable. *See Saint Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 589–590, 82 L.Ed. 845 (1938); *Worthams, supra* at 997–98. When the existence of the jurisdictional amount is disputed, appellant bears the burden of proof. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).

■ Although Sellers' pension had been granted on November 30, 1972, he remained unaware of the decision until receiving notice on December 4, 1972. The original complaint therefore alleged in good faith that more than $10,000 was in controversy on December 1, 1972.[1] Nevertheless, we hold that as a legal certainty, appellant was only entitled to $9,875 in benefits at the time the complaint was filed.

Sellers acknowledges that after the trustees approved partial retroactive benefits, the Fund owed him only $9,875. Thus, after November 30, 1972, appellant was in fact never entitled to recover more than that amount. His claim for more than $10,000 was therefore merely colorable. *See Saint Paul Mercury, supra* 303 U.S. at 289, 58 S.Ct. at 590. This conclusion is buttressed by language in *Wood v. Stark Tri-County Building Trades Council,* 473 F.2d 272, 273 (6th Cir.1973), which involved malicious destruction of property. The court said:

1. It should be noted that although the original complaint did not allege diversity jurisdiction, it did allege that the amount in controversy,

exclusive of interests and costs, exceeded $10,000.

The determination of the amount in controversy is fairly uncomplicated when the plaintiff seeks liquidated damages, the amount in controversy being the total of the liquidated damages.

Sellers' claim is liquidated because she seeks a specified amount of money per month from January, 1966 to May, 1972. Since the monthly payments are fixed, the total of $9,875 is also liquidated. According to *Wood,* that total is the amount in controversy.

The *Worthams* case, relied upon by appellant, is distinguishable. The opinion in that case held that once jurisdiction attaches, subsequent events such as discovery proceedings or the application of legal defenses do not divest the court of jurisdiction. In the present case, jurisdiction never attached; for the facts show to a legal certainty that appellant was entitled to recover no more than $9,875 on December 1, 1972. That Sellers was ignorant of the facts is irrelevant. As has been indicated, proof to a legal certainty that a plaintiff is not entitled to more than $10,000 overcomes even a good faith allegation that the jurisdictional amount is in controversy.

Appellant next contends that the claim for $100,000 in punitive damages should be considered in determining whether the jurisdictional amount is present. A punitive damage claim must be included unless such damages are barred by the applicable state law. *Wood, supra,* at 274. District of Columbia law controls this case. *Miller, supra* at 311. That law generally disfavors punitive damages. *Knippen v. Ford Motor Co.,* 546 F.2d 993, 1002 (D.C.Cir. 1976). Since appellant has cited no case in which the District of Columbia courts have granted punitive damages against a trustee on facts similar to those in the present case, we refuse to include the claim for such damages in calculating the amount in controversy.

Appellant's final argument is that the claims of all class plaintiffs should be aggregated in order to establish the jurisdictional amount. The general rule is that while separate and distinct claims may not be aggregated, aggregation is permissible when "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris,* 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969). Sellers contends that since all class plaintiffs must demonstrate the invalidity of Resolution 72, they have united to enforce the same right and are therefore entitled to aggregate their claims.

This reasoning is faulty because the class plaintiffs do not possess a common and undivided interest in the relief sought. An identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased. Such is not the situation here because each plaintiff seeks to receive a fixed sum under the terms of the trust instrument. *Compare Berman v. Narragansett Racing Assoc.,* 414 F.2d 311 (1st Cir.1969), *cert. denied,* 396 U.S. 1037, 90 S.Ct. 682, 24 L.Ed.2d 681 (1970); *Dierks v. Thompson,* 414 F.2d 453 (1st Cir.1969). Where a group of plaintiffs litigate individual cash claims the amount of which remain unaffected by the results obtained by fellow plaintiffs, the litigants may not aggregate their claims when alleging jurisdiction.

### III.

Since Sellers has not stated a claim under 29 U.S.C. § 186(e) and since appellant has failed to allege that more than $10,000 is in controversy under 28 U.S.C. § 1332, the district court acted properly in dismissing the complaint. We need not decide whether appellant has a cause of action under state law. The judgment of the district court is AFFIRMED.

WELLFORD, Circuit Judge, dissenting:

I respectfully dissent for the following reason:

1. Suits under 29 USC § 186 against fiduciaries of union trust funds established for benefits of employees have been held to justify damage awards as well as equitable

relief to cure past violations or to declare rights effective in the future. *Valle v. Joint Plumbing Industry Board,* 623 F.2d 196, 202–204 (2d Cir.1980); *Agro v. Joint Plumbing Industry Board,* 623 F.2d 207, 209 (2d Cir.1980). Suits such as this one, alleging arbitrary and capricious denial of benefits and wrongful breach of fiduciary duties may constitute allegation of a "structural" defect in a pension plan such as to bring about jurisdiction under § 186(c) or § 186(e). *See Valle,* fn. 8, p. 201.[1]

2. The original complaint, *at the time of its filing,* contained a good faith claim that asserted an amount in controversy exceeding $10,000. The claim was not a merely colorable one from examination of the complaint itself and based on what the appellant and appellant's attorney knew at the time of filing. *See Worthams v. Atlanta Life Ins. Co.,* 533 F.2d 994 (6th Cir.1976). That the claim may have dropped below $10,000 by application of a defense, or concession by appellee that appellant was entitled to part of the claim, should not bar jurisdiction had diversity of citizenship been clearly stated as a basis of the initial proceeding in federal court. As stated in *Miller v. Davis,* 507 F.2d 308, 311 (6th Cir.1974), in a prior stage of this longstanding case, however, "[d]efective allegations of jurisdiction may be amended, upon terms in the trial or appellate courts." In this case, I am persuaded that equitable considerations should allow the amendment and its relation back to the time of original filing as a basis of diversity jurisdiction to avoid a dismissal on technical grounds. *Miller v. Davis,* 507 F.2d 308, 311.

I would, accordingly, reverse the decision of the district court granting appellee's motion to dismiss under these circumstances.

---

1. Appellant, therefore, under liberal construction of the pleadings, did state a cause of action under 29 U.S.C. § 186.