883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley H. SWIFT, Plaintiff-Appellant,
Marion F. Swift, Plaintiff,
v.
J.A. FRUEHAUF, also known as Janet Allen Fruehauf, Defendant-Appellee.
 No. 89-1113.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1989.
 
 Before BOYCE F. MARTIN, Jr., WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Stanley and Marion Swift appeal pro se the district court's dismissal of their action for an accounting of oil and gas lease royalties filed pursuant to 28 U.S.C. Sec. 1332.
 
 
 3
 The Swifts, lessors of a Michigan gas well, sought an accounting of their interest in the proceeds from the well, alleging that they had suffered damages in excess of $21,000 when Fruehauf, the lessor of the well, made improper deductions from the royalty payments. Following a lengthy discovery process, defendant moved: (1) for dismissal alleging that the district court lacked subject matter jurisdiction because the $10,000 amount in controversy requirement had not been satisfied; or (2) for summary judgment alleging that the deductions from the royalty payments were proper as a matter of law.
 
 
 4
 Upon review of the magistrate's report and plaintiff's objections, the district court dismissed the case for lack of subject matter jurisdiction, based upon its own findings that the $10,000 amount in controversy requirement had not been satisfied.
 
 
 5
 The Swifts have filed a timely appeal challenging the district court's determination that the $10,000 amount in controversy requirement has not been satisfied.
 
 
 6
 Upon de novo review, Blackburn v. Foltz, 828 F.2d 1177, 1181 (6th Cir.1987), cert. denied, 108 S.Ct. 1247 (1988), we conclude that the $10,000 amount in controversy requirement was satisfied at the time the suit was filed.
 
 
 7
 The plaintiffs alleged the amount in controversy to be 21,074.82, however, the district court determined the actual amount in controversy to be $9,212.30. The district court's finding was based primarily on a finding that $9,299.70 of the damages claimed by plaintiffs was not "in controversy" because the plaintiffs refused the tender of royalty payments in that amount in anticipation of filing suit. The district court further found that the $9,299.70 was not in controversy based upon plaintiffs' acceptance of that amount from defendant, in a partial settlement of the suit, more than a year after the filing of the suit.
 
 
 8
 In this instance, after a review of the record we conclude that $9,299.70 was in controversy at the time of the filing of the suit.
 
 
 9
 With regard to satisfying the amount in controversy requirement of 28 U.S.C. Sec. 1332, the general rule is that the amount claimed in good faith by the plaintiff controls unless it appears to a legal certainty that the claim is for less than the jurisdictional amount or unless the amount claimed is merely colorable. Sellers v. O'Connell, 701 F.2d 575, 578 (6th Cir.1983). Further, the amount in controversy is determined as of the date of the filing of the suit. Id., at 578. Finally, actions subsequent to the filing of the claim do not divest a court of jurisdiction once it has been acquired. See Worthams v. Atlanta Life Ins. Co., 533 F.2d 994, 997 (6th Cir.1976).
 
 
 10
 There is no question, based upon the record, that the Swifts were entitled to recover the $9,299.70 as royalty payments. Moreover, although the Swifts refused the tender of royalty payments, the tender was made to the Swifts in the absence of any information regarding price, production or deductions. This absence of accompanying information left the Swifts unable to determine the correctness of the proffered royalty payments and necessitated the filing of this action for accounting.
 
 
 11
 Further, although the district court places great reliance on the subsequent partial settlement of the suit, the settlement occurred more than one year after the filing of the suit. Furthermore, the settlement took place only after defendant answered a number of plaintiffs' interrogatories, which provided the Swifts a substantial portion of the information on price, production and deduction.
 
 
 12
 Accordingly, the judgment of the district court is hereby vacated and the case is remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.