895 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James E. LOWE, Plaintiff-Appellant,
v.
FIRST OF AMERICA BANK-LAPEER, N.A.; Sticker Gustoff,
President; William J. Phillips, V.P./Compliance
Officer, Defendants-Appellees.
 No. 89-1724.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1990.
 
 1
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and CARL B. RUBIN, Chief District Judge.*
 
 ORDER
 
 2
 James E. Lowe, a pro se Ohio prisoner, appeals the district court's dismissal, without prejudice, of his diversity complaint filed pursuant to 28 U.S.C. Sec. 1332. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Lowe sued the defendant bank and two of its officers alleging they were guilty of conversion of his funds. This dispute arose in connection with the sale of Lowe's home pursuant to the terms of his divorce decree. The decree provided that Lowe receive 45% of the net proceeds of the sale after the costs of the sale were deducted. The defendant bank acted as settlement agent and tendered Lowe a money order in the amount of $16,180.81 as his portion of the sale proceeds. Lowe refused to accept that amount and ultimately filed the instant complaint alleging that the defendants converted his funds because he was entitled to $17,908.94. Lowe feels that he should not have been held financially responsible for the costs associated with the sale. Defendants filed an answer and argued that the complaint should be dismissed because the jurisdictional amount of $10,000 was not met. The district court agreed and summarily dismissed the complaint, without prejudice, for lack of jurisdiction.
 
 
 4
 Upon review, we affirm the district court's dismissal because at the time Lowe commenced this action his claim was for less than the $10,000 jurisdictional amount required by 28 U.S.C. Sec. 1332(a). Lowe's divorce decree provided that he receive 45% of the net sale proceeds after the costs of sale were deducted. Defendants calculated this amount to be $16,180.81. Lowe, however, in a letter to the Comptroller of Currency dated June 29, 1988, stated he felt that he was entitled to $17,908.74. We conclude that Lowe failed to meet the jurisdictional amount because the amount in controversy was actually $1,727.93, the difference between what Lowe expected and what defendants tendered.
 
 
 5
 Moreover, Lowe's claim for $50,000 compensatory and $150,000 punitive damages is merely colorable as Lowe was not entitled to these damages because defendants are not guilty of conversion. On the contrary, defendants have attempted to tender Lowe the amount due him on several different occasions. See Sellers v. O'Connell, 701 F.2d 575, 578 (6th Cir.1983); Worthams v. Atlanta Life Ins. Co., 533 F.2d 994, 997-98 (6th Cir.1976).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation