**James RANDALL, Plaintiff–Appellant,**

v.

**Percy PITZER; Corrections Corpora-tion of America; Howard, Warden; Russell Boggs, Defendants–Appellees.**

No. 01–5457.

United States Court of Appeals, Sixth Circuit.

Dec. 18, 2001.

Before RYAN, BOGGS, and DAUGHTREY, Circuit Judges.

*ORDER*

James Randall, pro se, moves for re-mand on appeal from a district court order dismissing his civil rights action filed pur-suant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pur-suant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

At the time the complaint was filed, Randall was an inmate at the North Fork Correctional Facility ("NFCF") in Sayre, Oklahoma. Prior to that time, he was confined at the Whiteville Correctional Fa-cility ("WCF") in Whiteville, Tennessee. Randall sued WCF Warden Percy Pitzer, Corrections Corporation of America, War-den Howard, Chief of Security Nunn, As-sistant Chief of Security Adams, Captain Dawson, Senior Officer Pugh, Correctional Officers Jackson, Lay, Mrs. Cooch, Mr. Cooch, Russell Boggs, and U. Green, and SORT Team Members Williams, Phillips, and Mosses.

Randall alleged that certain items of personal property including hygienic prod-ucts, clothing, electronics, consumable goods, religious items, legal materials, per-sonal items, and irreplaceable documents were either lost or misplaced during his transfer from WCF to NFCF on January 10, 2000. Randall alleged that he wrote to Warden Pitzer about the loss of the items to no avail. He also alleged that defen-dants Howard and Nunn were made aware of Randall's requests for the return of his property.

Randall alleged that Officer U. Green signed for a United Parcel Service package on December 16, 1999, from Louie's Finer Meats which was addressed to Randall. Randall alleged that he never received the

package. Randall alleged that Officer Boggs never provided him with a mattress or bedding materials during his stay at WCF.

In an order entered on May 8, 2000, the district court dismissed the claims against defendants Adams, Dawson, Pugh, Jackson, Lay, Mrs. Cooch, Mr. Cooch, Williams, Phillips, Mosses, and Boggs as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In an order entered on February 23, 2001, the district court dismissed Randall's claims regarding the lost personal property after concluding that it lacked subject matter jurisdiction over this claim because the amount in controversy did not exceed $75,000, as required for diversity jurisdiction. This appeal followed.

Initially, we note that Randall does not make any allegations on appeal concerning defendants Adams, Dawson, Pugh, Jackson, Lay, Mrs. Cooch, Mr. Cooch, Williams, Phillips, Mosses, and Boggs, nor does he otherwise challenge the dismissal of the claims against them. Issues raised in the district court, but not on appeal, are considered abandoned and are not reviewable. *See Kocsis v. Multi–Care Mgmt. Inc.,* 97 F.3d 876, 881 (6th Cir.1996); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

The standard of review on the issue of subject matter jurisdiction is de novo. *See Greater Detroit Res. Recovery Auth. v. United States EPA,* 916 F.2d 317, 319 (6th Cir.1990). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (quoting *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934)).

Upon review, we conclude that the district court properly dismissed the complaint for lack of subject matter jurisdiction. Although the district court dismissed Randall's Eighth Amendment conditions of confinement claim brought pursuant to § 1983 and noted that Randall's claim of property deprivation would ordinarily be a state law claim, *see Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the court concluded that diversity jurisdiction might apply to Randall's claim. In diversity cases, a district court has jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 156 (6th Cir. 1993) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)) (emphasis removed). To dismiss on jurisdictional grounds, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (emphasis removed). The amount in controversy is measured at the time the complaint was filed. *See Klepper v. First Am. Bank,* 916 F.2d 337, 340 (6th Cir.1990). Whether the jurisdictional amount has been met is considered in light of the state law and its recognition of the relief sought. *See id.* at 341 (citing *Sellers v. O'Connell,* 701 F.2d 575 (6th Cir.1983)) ("a court will find absence of jurisdictional amount to a legal certainty when state law bars recovery of the type of damages claimed").

Here, Randall claimed that the defendants are responsible for his lost personal property which he valued at $15,629.34. He also claimed damages in the amount of $2,000,000 for the mental anguish and suffering allegedly caused by the loss of an "irreplaceable affidavit." According to Randall, the affidavit is irreplaceable because the affiant is deceased and the affi-

davit contains newly discovered evidence that would lead to his release from prison.

Section 1997(e) of the Prison Litigation Reform Act of 1996 states that "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The complaint is devoid of allegations of physical injury. Therefore, Randall cannot rely on his alleged mental anguish and suffering to support his valuation of the affidavit. Furthermore, under the "traditional rules of evidence," affidavits are not admissible at trial or any other adversarial proceeding. *See Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Randall's subjective belief that the affidavit is worth $2,000,000, without more, is insufficient to establish the statutory jurisdictional amount. *See Wolde Meskel v. Vocational Instruction Project Cmty. Servs., Inc.,* 166 F.3d 59, 63 (2d Cir.1999). Consequently, the complaint was properly dismissed.

Finally, Randall asserts that he was placed in segregation and then ultimately transferred to another prison in retaliation for inquiring about his legal materials. He also asserts that prison officials violated his First Amendment right of access to the court. These issues were not raised in the district court and, therefore, are not reviewable on appeal. *See Foster v. Barilow,* 6 F.3d 405, 407 (6th Cir.1993).

Accordingly, the motion for remand is denied, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.