**CAPITAL LAW, formerly known as Palser–Grossman Solicitors, Plaintiff,**

v.

**Michelle VIAR, Defendant.**

**No. 1–04–1056–T.**

United States District Court, W.D. Tennessee, Eastern Division.

Sept. 24, 2004.

---

Mr. Andrew V. Sellers, Waldrop & Hall, Jackson, TN, for Plaintiff.

Mr. Joseph S. Ozment, Ozment Law Firm, Memphis, TN, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

TODD, District Judge.

Plaintiff, Capital Law, formerly known as Palser–Grossman Solicitors, filed suit in this court seeking enforcement of a judgment entered by the Cardiff County Court in Cardiff County, South Wales, United Kingdom against Defendant, Michelle Viar. Jurisdiction is predicated on 28 U.S.C. § 1332(a)(2). Defendant filed this motion to dismiss for lack of subject matter jurisdiction under FED. R. CIV. P.12(b)(6), arguing that Plaintiff does not meet the $75,000 amount in controversy required for this court to exercise diversity jurisdiction. Specifically, Defendant contends that the amount of the judgment against her, £41, 455.47, depending on the current exchange rate, fluctuates above and below the $75,000 minimum when converted to United States dollars, thus, creating a situation where jurisdiction depends on the exchange rate on each particular day. Defendant argues that because this court's ability to exercise jurisdiction depends on an ever-changing exchange rate, it is inappropriate for the court to accept subject matter jurisdiction over Plaintiff's claim. For the following reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

### I. Facts

The following facts are undisputed except where noted. On August 12, 2003, Plaintiff and Defendant entered into a contract, pursuant to which Plaintiff was to provide legal advice to Defendant regard-

ing her employment with International Greetings Limited in exchange for payment. Plaintiff contends that Defendant agreed to pay £38, 870.47 on August 6, 2003, and that an invoice in this amount was sent to Defendant on October 8, 2003.[1] Plaintiff claims that it then provided additional legal services to Plaintiff and that a second invoice in the amount of £ 2,858 was sent to Defendant. The total of these two invoices is £41,455.47.

Plaintiff has failed to pay any part of the amount owed to Defendant. Defendant claims that it has unsuccessfully tried to contact Plaintiff to seek payment on multiple occasions. As a result, Defendant brought suit against Plaintiff in the Cardiff County Court in Cardiff County, South Wales, United Kingdom. Defendant failed to respond to the suit. On February 2, 2004, the court entered a default judgment against Defendant in the amount of £42,-741.17. Defendant then filed an Application to Set Judgment Aside with the Cardiff County Court; however, this application was denied on May 25, 2004. Further, the Cardiff County Court assessed an additional £2,056.25 to be added to the judgment debt and finalized the judgment.[2]

Sometime after Defendant entered the contract with Plaintiff on August 12, 2003, she moved from the United Kingdom. Defendant now resides in Jackson, Madison County, Tennessee. Plaintiff filed suit in this court seeking enforcement of the judgment in the amount of £41,455.47 against Defendant.[3] On February 2, 2004, the time of the finalized judgment, the amount in controversy converted to $75,374.34 under the exchange rate on that date. On March 23, 2004, the date that Plaintiff filed its complaint in this court, the exchange rate made the default judgment equal to $76,419.01. At the time of this order, however, the currency rate has changed, and the amount owed to Plaintiff is $74,031.81.

## II. Analysis

In evaluating a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint should not be dismissed unless the court determines that the plaintiff can undoubtedly prove no set of facts in support of his claim that would entitle him to relief. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996) (citing *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993).

This case is unusual and a matter of first impression for the court. At issue is whether this court has subject matter jurisdiction over a foreign default judgment that, when converted to United States dollars, is sometimes above and sometimes below the $75,000 amount in controversy requirement of 28 U.S.C. § 1332. In order to decide this issue, it is necessary to ascertain at what point jurisdiction attaches. In other words, is the amount in controversy requirement determined on the date that the default judgment was entered against Defendant, or is it deter-

---

1. Although the complaint does not explain why the date that Defendant was supposed to pay the contract price was *after* the contract date, that fact is not important in the determination of the issue before this court.

2. The judgment is accruing interest at a daily rate of £9.09.

3. The £ 41,455.47 amount was the total amount in controversy before the court in Cardiff County, South Wales, exclusive of interests and costs.

mined on the date that the complaint was filed in district court, or, must the amount in controversy requirement be satisfied throughout the entire time that the case is pending before the court? If it is the latter option, then because the exchange rate does fluctuate, does the court lose jurisdiction if the exchange rate should put the amount in controversy rate below the $75,000 minimum?

While the Supreme Court and the Sixth Circuit have never addressed an issue comparable to the one presently before the court, the United States District Court, Eastern District of New York, has considered how to determine the amount in controversy when the plaintiff seeks to enforce a foreign judgment. In *Dynamic Cassette Int'l v. Mike Lopez and Assocs.*, 923 F.Supp. 8 (E.D.N.Y.1996), the district court held that "a judgment entered in a foreign currency [shall be] converted into United States dollars at the exchange rate prevailing on the date of judgment." The district court's holding was based on a New York state law requiring courts to apply a judgment-day rule to determine the amount in controversy.[4] Before the enactment of the state statute, by contrast, the Second Circuit followed the breach-day rule, which allowed plaintiffs to recover the amount owed under the exchange rate at the time of the breach, plus statutory interest. *Vishipco Line v. Chase Manhattan Bank, N.A.*, 660 F.2d 854, 865 (2nd Cir.1981); *see also, Competex, S.A. v. La-*

bow, 783 F.2d 333, 334 (2nd Cir.1986). The district court determined, however, that because the court's jurisdiction came from 28 U.S.C. § 1332, it was bound to apply the judgment-day rule under the new state statute since it was a substantive, rather than procedural, issue. *Dynamic Cassette Int'l*, 923 F.Supp. 8; *see also Vishipco Line*, 660 F.2d at 865, 866; *Competex, S.A.*, 783 F.2d at 334.

Unlike the Eastern District of New York and the Second Circuit cases decided before the state statute under the breach-day rule, the state of Tennessee does not have a statute which instructs courts on how to convert foreign judgments into United States dollars, nor have any cases been decided under state law which discuss this issue. *See generally* TENN. CODE ANN. §§ 25–1–101, *et seq.*, 26–1–101, *et seq.* (2000 & Supp.2003). Because there is an absence of state law on the subject, this court is not bound by any state law standard. In the absence of state law to direct the court, the present order is based on federal civil procedure principals.[5]

The Sixth Circuit follows the general rule that " 'the amount in controversy for federal diversity jurisdiction purposes is determined as of the time the action is commenced.' " *Sellers v. O'Connell*, 701 F.2d 575, 578 (6th Cir.1983) (quoting *Worthams v. Atlanta Life Insurance Co.*, 533 F.2d 994, 997–98 (6th Cir.1976)); *see also Jones v. Knox Exploration Corp.*, 2 F.3d

---

**4.** New York Judiciary Law § 27(b) sets forth the proper date for converting a judgment from foreign currency into United States dollars by stating that:

> in any case in which the cause of action is based upon an obligation denominated in a currency other than the currency of the United States, a court shall render or enter a judgment or decree in the foreign currency of the underlying obligation. Such judgment or decree shall be converted into the currency of the United States at the rate of

exchange prevailing on the date of entry of the judgment or decree.

N.Y.Jud.Law § 27(b) (McKinney 1987).

**5.** Plaintiff argues that this court should follow the lead of the Eastern District of New York and adopt the judgment-day rule as the standard in the present case. The court declines to do so, as it is unnecessary to rely on New York state law when federal principals give enough guidance to decide the issue.

181, 182 (6th Cir.1993); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). An action will commence when the complaint is filed with the court. *Id.*

■■■ The amount pleaded in the complaint in good faith by the plaintiff "controls unless it appears to a legal certainty that the claim is for less than the jurisdictional amount or unless the amount claimed is merely colorable." *Sellers*, 701 F.2d at 578; *Worthams*, 533 F.2d at 997–98; *St. Paul Mercury Indem. Co.*, 303 U.S. at 288–89, 58 S.Ct. 586. If the plaintiff's complaint shows good faith in the amount pleaded, then:

> subsequent events that reduce the amount below the statutory requirement do not require dismissal. A distinction must be made, however, between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action.

*Jones*, 2 F.3d at 182–83; *see also St. Paul Mercury Indem. Co.*, 303 U.S. at 293, 58 S.Ct. 586. Subsequent events that change the amount in controversy "do not oust the district court's jurisdiction once it has attached," whereas, subsequent revelations that the amount in controversy never met the jurisdictional minimum do require dismissal for lack of subject matter jurisdiction. *St. Paul Mercury Indem. Co.*, 303 U.S. at 293, 58 S.Ct. 586. When there is a dispute as to whether the amount in controversy minimum has been satisfied, the appellant bears the burden of proof. *Sellers*, 701 F.2d at 578; *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

■■■ In the present case, the amount in controversy is the default judgment of £41,455.47 ordered by the Cardiff County Court in Cardiff County, South Wales, United Kingdom. This action commenced on March 23, 2004, the day that Plaintiff filed the complaint with this court. On March 23, 2004, based on the foreign exchange rate, the default judgment converted to $76,419.01. Consequently, at the time this action commenced in district court, the default judgment exceeded the amount in controversy minimum required under 28 U.S.C. § 1332.

Plaintiff has also demonstrated a good faith basis for claiming that the jurisdictional minimum is satisfied. Plaintiff presented evidence that on February 2, 2004, the day that the default judgment was entered, the judgment was equal to $75,374.34. While the court declines to follow the judgment-day rule advocated by Plaintiff, the evidence demonstrating that the value of the judgment was equal to $75,374.34 on that day, in addition to the sparse case law on the subject, support a finding that Plaintiff's claim was made in good faith.

Further, even though the foreign exchange rate may change and the judgment may be less than $75,000 at various times while this case is pending, it does not require dismissal for lack of jurisdiction. The £41,455.47 judgment is a final court order, and therefore, is not subject to reduction. Whether the judgment satisfies the amount in controversy requirement depends on a subsequent event, in this case, the daily fluctuating foreign exchange rate, rather than a revelation that the true amount in controversy is, and has always been, less than $75,000. Consequently, the value of the default judgment may fluctuate as measured in United States dollars, however, the changing exchange rate will not destroy subject matter jurisdiction once it has attached.

### III. Conclusion

The general rule of the Sixth Circuit requires a determination of the amount in controversy at the time the action is commenced in district court. On March 23, 2004, the day that Plaintiff filed the complaint in this action, the default judgment converted to $76,419.01. Because the amount in controversy exceeds the $75,000 minimum required for this court to have jurisdiction under 28 U.S.C. § 1332, the court will exercise subject matter jurisdiction over Plaintiff's claim. Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

IT IS SO ORDERED.