Kenneth L. MYERS; Kim Myers, Plaintiffs–Appellants,

v.

BRICKLAYERS AND MASONS LOCAL 22 PENSION PLAN; The Board of Trustees of the Bricklayers and Masons Local 22 Pension Plan; Bricklayers and Trowel Trades International Pension Fund; The Board of Trustees of Bricklayers and Trowel Trades International Pension Fund, Defendants–Appellees.

No. 14–4234.

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2015.

BEFORE: BOGGS, SUTTON, and COOK, Circuit Judges.

COOK, Circuit Judge.

The Bricklayers and Trowel Trades International Pension Fund (the Fund) and its Trustees (collectively the IPF Defendants) revoked Kenneth Myers's disability pension when they discovered that Myers violated an eligibility condition—working in "noncovered masonry employment." Myers claimed the amendment adopting the disqualifying eligibility condition ran afoul of the Employee Retirement Income Security Act's (ERISA) anti-forfeiture provision, which protects normal retirement benefits from forfeiture, and anti-cutback provision, which prevents amendments that decrease accrued benefits. 29 U.S.C. §§ 1053, 1054(g). He also alleged that the IPF Defendants breached their fiduciary duties under ERISA and the Labor Management Relations Act (LMRA). 29 U.S.C. § 1104(a)(1)(A)(i); 29 U.S.C. § 186(c)(5). The district court disagreed and dismissed Myers's suit for failure to state a claim. We AFFIRM.

I.

Beginning in April 1989, Myers worked for twenty years in the masonry trades, mostly for employers that contributed to the Fund. In 2009, however, a heart attack left Myers permanently disabled. After initially awarding Myers a $515 monthly disability pension, the Fund discovered that Myers worked in "noncovered masonry employment," disqualifying him from disability-pension eligibility. The plan amendment adopting that eligibility condition became effective June 1, 1988.

Myers and his wife Kim, a plan beneficiary by virtue of her entitlement to survivor benefits, sued the IPF Defendants. Myers alleged that suspending payment of his disability pension violated ERISA's anti-forfeiture and anti-cutback provisions. He also contended that the IPF Defendants violated their fiduciary duty under ERISA to "administer the funds entrusted to them ... solely in the interests of the participants," and their fiduciary duty under the LMRA to administer funds solely for the benefit of employees. The IPF Defendants moved to dismiss, arguing that: (1) neither the anti-forfeiture provision nor the anti-cutback provision applied to a welfare benefit such as the disability pension at issue; (2) the IPF Defendants' adoption of the amendment imposing the eligibility condition caused no breach of ERISA or the LMRA fiduciary duties; and (3) the court lacked authority under 29 U.S.C. § 186(c)(5) to grant Myers the relief he requested.

The district court granted the motion to dismiss, determining that neither the anti-forfeiture provision nor the anti-cutback provision applied to Myers's disability pension. Finding the fiduciary duty claims derivative of the other claims, the district court dismissed them too. Finally, the district court denied Myers's motion to vacate. Myers appeals.

We review dismissal under Rule 12(b)(6) de novo, construing the complaint in the light most favorable to the plaintiff, *Laborers' Local 265 Pension Fund v. iShares Tr.*, 769 F.3d 399, 402–03 (6th Cir.2014), to determine whether it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

## II.

### A. The Anti-forfeiture and Anti-cutback Claims

■ In finding Myers's disability pension a "disability benefit" not subject to ERISA's anti-forfeiture and anti-cutback provisions, the district court relied on *McBarron v. S & T Industries, Inc.*, 771 F.2d 94 (6th Cir.1985), which held the anti-forfeiture provision inapplicable to disability benefits. *Id.* at 98. ERISA's anti-cutback provision similarly provides no protection to disability benefits. *Rombach v. Nestle USA, Inc.*, 211 F.3d 190, 193–94 (2d Cir.2000) (relying on *McBarron's* reasoning to reach this conclusion); *see also Anderson v. Suburban Teamsters of N. Ill. Pension Fund Bd. of Trs.*, 588 F.3d 641, 651 (9th Cir.2009). Myers insists, however, that his disability pension is not a "disability benefit" and thus the anti-forfeiture and anti-cutback provisions do indeed protect his pension.

Myers first argues that ERISA's anti-cutback provision covers accrued benefits, and his disability pension qualifies as accrued. He relies on a Treasury regulation that defines certain types of accrued benefits as: (1) "the excess ... of the actuarial present value of a ... benefit over the actuarial present value of the accrued benefit commencing at normal retirement age"; and (2) a "benefit ... where the actuarial present value of the ... benefit available to the participant under the plan at that annuity starting date exceeds the actuarial present value of the accrued benefit commencing at normal retirement age." 26 C.F.R. § 1.411(d)–3(g)(6)(iv), (v).[1]

---

1. Treasury regulations bear on this case because ERISA's anti-cutback provision

"show[s] up in substantially identical form" in section 411(d)(6) of the Internal Revenue

Myers claims that his disability pension meets these definitions. But this regulation applies only to plans amended on or after August 12, 2005, not Myers's pension. 26 C.F.R. § 1.411(d)–3(j)(1); *see also* Section 411(d)(6) Protected Benefits, 70 Fed. Reg. 47109, 47109 (Aug. 12, 2005). Because the 1988 Fund amendment adopting the disqualifying condition predates the Treasury-regulation definition that Myers cites as helpful, the regulation offers no benefit to Myers's position.

■ Second, Myers contends that ERISA's anti-cutback provision covers optional forms of benefit. *See* 29 U.S.C. § 1054(g)(2)(B). Again citing a Treasury regulation, he argues that the Fund rendered his disability pension an "optional form of benefit" by providing him with the option to receive his disability pension as a 50% joint-and-survivorship annuity with his wife as beneficiary. *See* 26 C.F.R. § 1.411(d)–4(A–1)(b)(2)(Example 1). Even if true, however, the anti-cutback provision protects only those "optional form[s] of benefit ... attributable to service before the amendment" that reduces the benefit. 29 U.S.C. § 1054(g)(2)(B), (g)(2). Myers attributes none of his disability-pension rights "to service before the amendment." Because Myers's participation in the Fund began in April 1989, he never worked in covered employment before the amendment became effective in June 1988.

Third, Myers maintains that the Fund cannot enforce the disqualifying eligibility condition against him inasmuch as he received no notice of that condition as required by ERISA, 29 U.S.C. §§ 1022(a), (b), 1024(b)(1). To the extent Myers claims that an ERISA notice violation entitles him to relief, his complaint includes no such allegation. But even if it had,

ERISA provides only statutory damages as a remedy for ERISA notice violations. *Lewandowski v. Occidental Chem. Corp.*, 986 F.2d 1006, 1008–09 (6th Cir.1993) (per curiam); 29 U.S.C. § 1132(c). Additionally, Myers provides no authority suggesting that ERISA's notice requirements give rise to liability under the anti-forfeiture or anti-cutback provisions.

In his last effort to circumvent *McBarron*, Myers claims that the IPF Defendants comingled funds used for disability pensions with funds used for retirement pensions in violation of the LMRA. 29 U.S.C. § 186(c)(5)(C). This violation, says Myers, estops the IPF Defendants from arguing that his disability pension is a disability benefit outside the anti-cutback provision's protection. Because Myers first made this estoppel argument in a reply in support of his motion to vacate, he forfeited any argument to this effect, and we do not take it up. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553–54 (6th Cir.2008).

Because *McBarron* controls, the district court correctly dismissed the anti-forfeiture and anti-cutback claims.

### B. The Breach–of–Fiduciary–Duty Claims

■ Myers argues that the district court erred by dismissing his claims for breach of fiduciary duty as derivative of his anti-forfeiture and anti-cutback claims. But we need not decide if Myers's fiduciary-duty claim under ERISA, 29 U.S.C. § 1104(a)(1)(a)(i), derives from Myers's other ERISA claims because the IPF Defendants did not act as fiduciaries when amending the Fund. *See Gard v. Blankenburg*, 33 Fed.Appx. 722, 728 (6th Cir.2002) (holding that "trustees of a multi-employer pension benefit plan do not act as fiducia-

Code, *Cent. Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 746, 124 S.Ct. 2230, 159 L.Ed.2d 46 (2004), and the "Secretary of the Treasury [has] the ultimate authority to interpret these overlapping anti-cutback provisions." *Id.* at 746–47, 124 S.Ct. 2230.

ries under ERISA when they amend ... the plan."). We may, of course, affirm dismissal on grounds other than those relied upon by the district court, *Sears v. Union Cent. Life Ins. Co.*, 222 Fed.Appx. 474, 477 (6th Cir.2007), and we do so here on the merits of the fiduciary-duty claim.

█ Myers's next claim, that by adopting the disqualifying eligibility condition the IPF Defendants breached their fiduciary duty under the LMRA to administer trust funds "for the sole and exclusive benefit of the employees," fails for several reasons. 29 U.S.C. § 186(c)(5). First, this provision "simply requir[es] a trust obligation for the specified purposes, defined and enforced ... under ERISA," *Local 144 Nursing Home Pension Fund v. Demisay*, 508 U.S. 581, 592, 113 S.Ct. 2252, 124 L.Ed.2d 522 (1993), section 1104(a)(1), *id.* at 592 n. 6, 113 S.Ct. 2252. And as explained above, no breach of ERISA's § 1104(a)(1) fiduciary duties occurs from amending the terms of a plan. *See Gard,* 33 Fed.Appx. at 728. Second, because Myers alleges no bribery, extortion, or misuse of union funds, 29 U.S.C. § 186 offers no relief. *See Sellers v. O'Connell,* 701 F.2d 575, 578 (6th Cir.1983) (affirming a dismissal under 29 U.S.C. § 186 when the plaintiff failed to allege bribery, extortion, or misuse of funds). Third, Myers requests an injunction reinstating his benefits, but *Demisay* forecloses that remedy. 508 U.S. at 587, 113 S.Ct. 2252 (prohibiting federal courts from issuing injunctions to remedy violations of 29 U.S.C. § 186(c)(5)).

## III.

Myers having failed to support a claim under ERISA or the LMRA, we AFFIRM the judgment of the district court.