Jack SHOOP, d/b/a Extraordinarie
Films, Plaintiff,

v.

PARAMOUNT PRODUCTIONS,
INC., Defendant.

Civ. No. 79–417.

United States District Court,
M. D. Pennsylvania.

Sept. 18, 1979.

Michael D. Strohbehn, Kansas City, Mo., Stephen B. Killian, Wilkes-Barre, Pa., for plaintiff.

John P. Moses, Wilkes-Barre, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

The Plaintiff in this action seeks to recover damages allegedly suffered in connection with the rental, to the Defendant, of a 16 millimeter film entitled, "The History of the Beatles". The Plaintiff alleges damages because Defendant has not paid the rental fees and has refused to return the film.

Following the service of the Complaint, Defendant filed a variety of motions as follows:

1. To dismiss the action due to:

   A. lack of jurisdiction (amount in controversy).

   B. failure to state a cause of action.

   C. failure to join an indispensable party.

2. To require a more definite statement of claim.

3. To strike the claim for punitive damages.

While we find the seeds of merit in some of the Defendant's motions, we also find the appropriate action at this juncture is to allow the Plaintiff an opportunity to replead and an Order to that effect will follow.

Parenthetically we point out that dismissal of a case at this point should be granted cautiously so that a Plaintiff is not capriciously denied an adjudication of his claim on the merits.[1]  In reviewing the particulars of the motions we find the Defendant argues this Court lacks jurisdiction because the requisite monetary floor assertion of $10,000 is not alleged by the Plaintiff (See 28 U.S.C. 1332).  The Defendant here argues that the Plaintiff at most would be entitled to the agreed minimal rental of $1,500 and/or the value of the film ($2,079) —neither of which or both total $10,000. But the Plaintiff seeks other damages— namely, an extended rental payment (based on a daily computation which Plaintiff says flows from the contract) and punitive damages for "willful, wrongful and intentional" acts of the Defendant.

The contract we deal with here leaves a lot to be desired when one tries to find "clear meaning".  But this is not to say that Plaintiff will not be able to prove his assertions.

Before an action is dismissed on such grounds, it should appear to a legal certainty that Plaintiff cannot recover more than the $10,000 threshold amount.  In determining whether this recovery is possible, the Court must rely on the good faith of the Plaintiff in claiming and alleging damages. *Wood v. Stark Tri-County Bldg. Trades Council*, C.A.Ohio, 1973, 473 F.2d 272; and *Cunningham v. Ford Motor Co.*, D.C.S.C. 1976, 413 F.Supp. 1101.

Here the Plaintiff claims considerably more than $10,000 and while *some of the claim may be difficult to prove*—and some may be punitive in nature—he is entitled to his day in Court.  Plaintiff correctly relies on authority such as *Benaquista v. Hardesty & Associates*, 20 D & C 2d 227 (1959) for the proposition that punitive damages may be recovered when there is a willful and intentional conversion of property.

---

1. F.R.C.P. 12 and commentary and cases thereunder in Wright and Miller, Fed. Practice & Procedure Civil 1349, et seq.

■ The Defendant, too, alleges that the Complaint fails to state a cause of action. We need simply point out here that Plaintiff alleges a valid contract and a willful deliberate breach by the Defendant, resulting in damages to the Plaintiff. This is a classic cause of action.

■ Another point for dismissal raised by the Defendant causes more concern; has an appropriate or indispensable party not been named by the Plaintiff. Here, F.R. C.P. 19 comes into play and a reading of the history of that Rule and the cases thereunder[2] teaches that the Rule should be applied more equitably than technically. Final determination of when a party is necessary to an action must be made on a case-by-case analysis. Trying to decipher this case leads to the contract attached to the Complaint. It is not a shining example of clarity. But several things appear clear—in addition to the named parties in the pleadings, one Joseph A. DeSantis, Jr. (the person Defendant claims is a necessary party) is a signatory to and a named party in the contract. Indeed the contract apparently obliges him to carry out one of the alleged violated duties—namely the return of the film. All in all, if there is to be a "just adjudication" of this action, under this contract, Joseph A. DeSantis, Jr. is a necessary party and must be joined by the Plaintiff or the motion to dismiss will be granted.

■ Concerning Defendant's motion for a more definite statement of claim, we have already pointed out that the contract is not wholly enlightening. We agree that a cause of action should be stated succinctly, and that "testimony" need not be pleaded. But a Complaint must be sufficiently informative to allow a Defendant to prepare his defense. We find the Complaint here deficient in at least two areas;

1. The exact method used in computation of damages is not clearly set forth; and

2. The relationship of DeSantis and the named Defendant is not spelled out.

2. See F.R.C.P. 19 and discussions and cases thereunder in Wright & Miller, Fed.Practice

(Interestingly, in *Briefs* Plaintiff refers to Defendant and DeSantis as "joint obligors" (Plaintiff's Brief, page 6)—and Defendant refers to DeSantis and the Plaintiff as "joint obligees" (Defendant's Brief, page 4))

While there is more exploration of these matters in the Briefs filed—the Complaint is deficient and does not provide sufficient information to the Defendant to allow for an appropriate Answer and defense.

The Plaintiff must amend the Complaint in these areas or suffer dismissal.

■ On the final motion of the Defendant—that is, to strike the claim for punitive damages—we point out that Pennsylvania law has long recognized a right to punitive damages where there is proof of a wanton, willful and harassing taking. See *Stone v. CIT Corp.* 122 Pa. 71, 184 A. 674. In this case the Plaintiff alleges that the Defendant has indeed deliberately and willfully deprived the Plaintiff of the film involved long after the contractual date for the return of that property. Under such circumstances, a claim for punitive damages is proper.

and Procedure Civil Sections 1601 et seq. (1613).