935 F.2d 269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Laura M. DULIN, Plaintiff-Appellant,
v.
TRANS UNION CREDIT INFORMATION COMPANY, Defendant-Appellee.
 No. 90-6209.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1991.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a district court judgment dismissing the plaintiff's complaint for failure to state a claim on which relief could be granted. The complaint, originally filed in a state court and removed to federal district court on the basis of diversity of citizenship and the amount in controversy, asserted that the plaintiff and other members of a proposed class had suffered damages because of allegedly champertous activities on the part of the defendant. Because we conclude that the case was improperly removed, we shall vacate the district court's judgment.
 
 
 2
 * On June 16, 1982, defendant Trans Union Credit Information Company filed a complaint in the district court of Jefferson County, Kentucky, against plaintiff Laura M. Dulin. The complaint asserted that Trans Union was the assignee of claims formerly held against Ms. Dulin by Norton-Children's Hospitals and Stewart Dry Goods Company. The complaint further asserted that Ms. Dulin owed Trans Union $201.81. On August 13, 1982, a default judgment was entered in favor of Trans Union in the amount of $186.81, Ms. Dulin having paid $15 of the $201.81.
 
 
 3
 On June 16, 1989, Ms. Dulin filed the instant lawsuit against Trans Union in the Jefferson County Circuit Court. She sought to proceed as the representative of a class consisting of more than 1,000 persons. Her complaint alleged that the assignment of her delinquent accounts, and those of the other members of the class, violated Kentucky's prohibition against champerty. See K.R.S. 372.060. It was further alleged that each member of the class had suffered actual damages in excess of "$4,000,000." (Ms. Dulin's counsel admitted at oral argument that the second comma was intended to be a period; the figure should have been given as $4,000.00.") The complaint also sought punitive damages "in an amount to be determined by the trier of fact."
 
 
 4
 On July 7, 1989, the defendant filed a petition for removal pursuant to 28 U.S.C. Sec. 1441(a), citing 28 U.S.C. Sec. 1332 and asserting that the action was one in which federal district courts had original jurisdiction on grounds of the amount in controversy ("compensatory damages in the amount of $4,000,000 plus punitive damages in an unspecified amount") and diversity of citizenship.
 
 
 5
 Various motions were filed after the case was removed, including a motion by the plaintiff to certify the class and a motion by the defendant to dismiss for failure to state a claim. Memoranda accompanying some of the plaintiff's motions suggested that the plaintiff was actually asserting two causes of action: (1) a claim for damages based upon Trans Union's alleged violations of K.R.S. 372.060, and (2) a claim for vacation of judgments obtained by Trans Union against the members of the proposed class.
 
 
 6
 On April 4, 1990, in an order accompanied by a memorandum opinion that addressed only the first of these claims, the district court granted the defendant's motion to dismiss. The rest of the pending motions were dismissed as moot. A motion to vacate the judgment was denied, and this appeal followed.
 
 II
 
 7
 Only "civil action[s] ... of which the district courts of the United States have original jurisdiction" may be removed to the district courts under 28 U.S.C. Sec. 1441(a). Trans Union asserted that original federal jurisdiction was proper under the diversity of citizenship statute, 28 U.S.C. Sec. 1332(a), which provides among other things that "the matter in controversy [must] exceed[ ] the sum or value of $50,000,[1] exclusive of interest and costs." It is well settled, however, that a complaint is "fatally defective," as far as diversity jurisdiction is concerned, unless the complaint "contains a proper allegation of the amount in controversy." Schlesinger v. Councilman, 420 U.S. 738, 744 n. 9 (1975) (interpreting 28 U.S.C. Sec. 1331). See also 14A Wright, Miller and Cooper, Federal Practice and Procedure Sec. 3702 n. 6 (1988 & Supp.1990).
 
 
 8
 In the case at bar, Ms. Dulin's claim for damages and her claim to vacate the prior judgment were not alleged to have involved more than $50,000. A claim for $4,000 plus punitive damages in an unspecified amount is simply not "a proper allegation of the amount in controversy,"[2] while $186.81 obviously falls well below the jurisdictional amount. And Zahn v. International Paper Co., 414 U.S. 291 (1973), teaches that the claims of the members of the proposed class may not be aggregated for purposes of determining the jurisdictional amount. See Sterling v. Velsicol Chemical Corp., 855 F.2d 1188, 1195 (6th Cir.1988).
 
 
 9
 As things now stand, Ms. Dulin's complaint does not contain a basis for federal jurisdiction. Accordingly, the judgment of the district court is VACATED and the case is REMANDED with instructions to return it to the state court.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 The jurisdictional amount was increased to $50,000 from $10,000 for all cases commenced after May 18, 1989. Judicial Improvements and Access to Justice Act, Pub.L. 100-702, Sec. 202(b), 102 Stat. 4642, 4646 (1988)
 
 
 [2]
 At oral argument, counsel for both parties suggested that jurisdiction would be proper as long as this court could not say with legal certainty that Ms. Dulin would recover less than $50,000. That is not the law. The "legal certainty" test only applies where the plaintiff has alleged a specific amount in controversy and the defendant challenges the validity of that amount. See, for example, Wood v. Stark Tri-County Building Trades Council, 473 F.2d 272, 273 (6th Cir.1973)