56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Stanley J. JENNINGS, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, Defendant-Appellee,
DANIEL RICHARD WEAVER, Supervisor, Ford Motor Company, Defendant.
 No. 94-4079.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1995.
 
 1
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and HEYBURN, District Judge.*
 
 
 2
 Stanley J. Jennings, an Ohio resident, appeals pro se a district court judgment dismissing his lawsuit for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking ten million dollars in damages, Jennings filed this complaint against the Ford Motor Co. (Ford) and one of its supervisory employees, alleging that the supervisor had verbally and physically assaulted Jennings while he was working at Ford's Lima, Ohio, plant. Ford filed a motion to dismiss for lack of jurisdiction, arguing that no federal question was presented and the parties were not diverse, as both Jennings and the defendant supervisor were residents of Ohio. Moreover, Ford argued that even if there were complete diversity, Jennings had failed to allege an amount in controversy in excess of $50,000.00 as required by 28 U.S.C. Sec. 1332(a) because he appeared to be seeking punitive damages only, which are not available in the absence of proof of actual damages according to Ohio Rev. Code Sec. 2315.21(B)(2). Jennings responded by arguing that he could receive actual damages for emotional distress, and by attempting to amend his complaint to voluntarily dismiss the supervisor. He also argued that federal question jurisdiction existed on grounds which he has now abandoned on appeal. The district court granted the motion to dismiss on the grounds cited by Ford. On appeal, Jennings continues to assert the existence of diversity jurisdiction. He also alleges that the district court judge was biased in favor of Ford's attorney and failed to consider his pleadings responding to the motion to dismiss and attempting to amend his complaint.
 
 
 4
 This court reviews de novo the dismissal of a complaint for lack of jurisdiction. Gafford v. General Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993). Whether the amount in controversy requirement has been satisfied is judged on a good faith standard. See Wood v. Stark Tri-County Bldg. Trades Council, 473 F.2d 272, 273 (6th Cir. 1973). Where a party alleges excessive damages beyond any reasonable expectation of recovery, jurisdiction does not attach. See Worthams v. Atlanta Life Ins. Co., 533 F.2d 994, 997 (6th Cir. 1976). In this case, the prayer for ten million dollars is so excessive in comparison with the facts alleged in support of the claim as to evidence a lack of good faith. Because of the failure to satisfy the amount in controversy requirement, whether the district court considered the attempt to amend the complaint to voluntarily dismiss the non-diverse defendant is irrelevant, as jurisdiction does not attach in any event. Similarly, because the district court clearly lacked jurisdiction, we do not need to address the allegations of bias.
 
 
 5
 For the above reasons, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation