Keith **HEINOLD**

v.

Ronald **PERLSTEIN.**

Civ. A. No. 86–2269.

United States District Court, E.D. Pennsylvania.

Jan. 30, 1987.

James F. Mundy, of Raynes, McCarty, Binder, Ross & Mundy, Philadelphia, Pa., for plaintiff.

John E. Riley, of Schwartzman & Hepps, Philadelphia, Pa., for defendant.

## MEMORANDUM

JOSEPH S. LORD, III, Senior District Judge.

Plaintiff sues under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. He alleges that he suffered injury when defendant induced him to purchase a diamond ring by misrepresenting "the value of said diamond and the bargain opportunity said purchase represented." Defendant moves to dismiss, arguing, *inter alia*, that the injury plaintiff allegedly suffered is not cognizable under RICO.

A plaintiff has standing to sue under RICO only if he has been injured in his business or property by the conduct constituting the RICO violation. *Sedima, S.P. R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 3285–86, 87 L.Ed.2d 346 (1985). Plaintiff's sole allegation of injury is that the value of the diamond he bought was less than defendant represented it to be and therefore that he lost a "bargain opportunity." At oral argument, I asked plaintiff's counsel whether he was alleging that the diamond was worth less than the amount plaintiff paid for it. Counsel responded that he was not. He argued, however, that plaintiff was injured in losing the benefit of his bargain and that, even if the diamond was worth more than plaintiff paid for it, plaintiff should be permitted under RICO to recover the difference between the represented and actual value of the diamond.

Plaintiff concedes that he has found no case which holds that his alleged injury is cognizable under RICO. He rests his argument on *DeMent v. Abbott Capital Corp.*, 589 F.Supp. 1378 (N.D.Ill.1984), which holds that lost profits are recoverable under RICO. *Id.* at 1385–86. The *DeMent* court's implicit characterization of contract rights as property under RICO appears consistent with the Third Circuit's refusal to construe narrowly the types of property injury for which RICO permits recovery. *See Malley-Duff & Associates v. Crown Life Insurance Co.*, 792 F.2d 341, 354 (3d Cir.) (a cause of action is a form of property, injury to which is cognizable under RICO), *cert. granted sub nom. Agency Holding Corp. v. Malley-Duff & Associates*, — U.S. —, 107 S.Ct. 569, 93 L.Ed.2d 573 (1986).

Plaintiff fails, however, to recognize a critical distinction between the injury in *DeMent* and the injury he alleges. The *DeMent* plaintiffs allegedly lost profits because the defendants' RICO violations caused a third party to back out of an agreement whereby the third party would have purchased the plaintiffs' business. *See DeMent*, 589 F.Supp. at 1380 n. 1, 1385–86. In contrast, plaintiff here does not allege that the conduct constituting the RICO violation interfered with a contract extant at the time of that conduct. Rather, he alleges that the conduct constituting the RICO violation induced him to enter into a contract with defendant. That contract did not cause plaintiff to lose money, because he concedes that he did not pay more than the fair market value of the ring. Since plaintiff admits that he either broke even or came out ahead on the deal, albeit not as far ahead as he had hoped, I fail to see what property injury he sustained. *See Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1104–05 (9th Cir.) (in the absence of a showing that the defendants' conduct caused the plaintiff to

pay more than the fair market value for goods and services it received, the plaintiff failed to show injury), *cert. denied,* —— U.S. ——, 107 S.Ct. 435, 93 L.Ed.2d 384 (1986).

 Plaintiff argues, however, that he sustained injury because he lost the benefit of his bargain, *i.e.,* his expectation interest in the contract. *See Restatement (Second) of Contracts* § 347 comment a (1981). In other words, plaintiff argues that defendant's wrongful conduct induced him to enter a contract and then caused injury to the property rights created by that contract. I conclude that this does not give plaintiff standing to sue under RICO. RICO confers a cause of action only when the injury to business or property suffered by a plaintiff is caused by the conduct constituting the RICO violation. *Sedima,* 105 S.Ct. 3285–86. Where, as here, the only property to which a plaintiff alleges injury is an expectation interest that would not have existed but for the alleged RICO violation, it would defy logic to conclude that the requisite causation exists.[1]

Plaintiff contends that to bar him from proceeding under RICO because he did not suffer any out-of-pocket loss is to sanction defendant's allegedly fraudulent conduct. However, that plaintiff cannot proceed under RICO does not mean that he has no remedy for the harm defendant allegedly caused him. It means only that plaintiff must proceed pursuant to a statute or common law cause of action under which he has standing to sue. As broad as RICO is, the Court has made clear that its reach is not limitless. *See id.* at 3286 (" '[a] defendant who violates [18 U.S.C. § 1962] is not liable for treble damages to everyone he might have injured by other conduct, nor is

the defendant liable to those who have not been injured' ") (quoting *Haroco, Inc. v. American National Bank & Trust Co.,* 747 F.2d 384, 398 (7th Cir.1984), *aff'd,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985)).

For the foregoing reasons, I will grant defendant's motion to dismiss plaintiff's RICO claim. Because plaintiff does not allege independent grounds for federal jurisdiction as to the remainder of his claims, all of which arise under state law, I will dismiss those claims as well.[2]

An appropriate order will be entered.

---

1. Plaintiff also argues that, even if he came out ahead on his deal with defendant, he may have made out even better had he purchased a diamond elsewhere, but that defendant's fraudulent misrepresentations foreclosed him from shopping at other places. However, the possibility that plaintiff may have gotten a better deal from another merchant is not a property right. Hence, even if defendant's conduct foreclosed plaintiff from shopping elsewhere, that cannot constitute injury to property under RICO.

2. For the reasons set forth in *Greenfield v. Heublein, Inc.,* 742 F.2d 751, 760 (3d Cir.1984), *cert. denied,* 469 U.S. 1215, 105 S.Ct. 1189, 84 L.Ed.2d 336 (1985), I conclude that it is proper simply to dismiss plaintiff's state law claims. Pursuant to 42 Pa.Cons.Stat.Ann. § 5103(b) (Purdon Supp. 1986), plaintiff may transfer those claims to state court.