Raymond LINE, Plaintiff,

v.

ASTRO MANUFACTURING CO., INC., et al., Defendants.

No. Civ.A. 97–12.

United States District Court, E.D. Kentucky.

Jan. 29, 1998.

D. Arthur Rabourn, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, William D. Hillmann, Edgewood, KY, for plaintiff.

Stephen E. Embry, Christopher S. Burnside, Brown, Todd & Heyburn, P.L.L.C., Louisville, KY, Rebecca Schupbach, Joseph L. Hamilton, Douglass Farnsley, Stites & Harbison, Louisville, KY, for Belmont Homes, Inc., a Mississippi Corporation, defendant.

Edward H. Stopher, Martin H. Kinney, Jr., Boehl, Stopher & Graves, Louisville, KY,

for Brilliant Homes Corp., an Alabama Corporation, Fleetwood Enterprises, Inc., Fleetwood Homes of Georgia, Inc., Fleetwood Homes of Mississippi, Inc., Fleetwood Homes of North Carolina, Inc., Fleetwood Homes of Tennessee, Inc., Fleetwood Homes of Virginia, Inc., Indies House, Inc., North River Homes, Skyline Corp., Holly Park, Inc., Homes by Oakwood, Homes by Oakwood, Inc.

Robert S. Walker, III, Stephen E. Embry, Christopher S. Burnside, Carl E. Grayson, Brown, Todd & Heyburn, P.L.L.C., for Cavalier Homes, Inc., Patriot Homes, Inc.

Frank C. Woodside, III, J. David Brittingham, M. Gabrielle Hils, Dinsmore & Shohl, Cincinnati, OH, for Champion Enterprises, Inc., Champion Home Builders Co., Chandeleur Homes, Inc., Homes of Legend, Redman Homes, Inc., Redman Industries, Inc.

Ethna B. Cooper, Christopher M. Bechhold, Bruce M. Allman, Jeffrey F. Peck, Renee S. Filiatraut, Thompson, Hine & Flory, L.L.P., Cincinnati, OH, for Commodore Homes Systems, a Delaware Corporation, Crimson Industries, an Alabama Corporation.

Rebecca Schupbach, Joseph L. Hamilton, Douglass Farnsley, Stites & Harbison, Louisville, KY, for Delta Homes, Inc., a Mississippi Corporation, Four Seasons Housing.

Ralph F. Mitchell, Edward R. Goldman, Rendigs, Fry, Kiely & Dennis, Cincinnati, OH, Terrence L. Brookie, Locke, Reynolds, Boyd & Weisell, Indianapolis, IN, for Fairmont Homes, Inc., an Indiana Corporation dba Century Homes.

Christopher M. Bechhold, Bruce M. Allman, Jeffrey F. Peck, Thompson, Hine & Flory, L.L.P., Cincinnati, OH, for Franklin Homes, Inc., an Alabama Corporation.

Michael A. Vescio, Lexington, KY, Martin L. Fierman, Law Firm of Martin L. Fierman, Eatonton, GA, for Horton Homes, Inc., a Georgia Corporation.

Bruce M. Allman, Thompson, Hine & Flory, L.L.P., Cincinnati, OH, John S. Shaffer,

Newcomer, Shaffer & Spangler, Bryan, OH, for Manufactured Housing Enterprises, Inc., an Ohio Corporation.

Leslie W. Morris, II, Stoll, Keenon & Park, LLP, Lexington, KY, for Palm Harbor Homes, Inc., a Florida Corporation dba Palm Harbor Homes, Inc.

Gerald Toner, Cathleen Charters Palmer, O'Bryan, O'Bryan & Toner, Louisville, KY, for Pinnacle Homes, an Alabama Corporation.

Ethna B. Cooper, Christopher M. Bechhold, for Spiral Industry, an Alabama Corporation, defendant.

Ronald C. Williams, Ronald Williams, P.A., Charlotte, NC, for Sweetwater Homes, a Georgia Corporation, defendant.

## OPINION AND ORDER

BERTELSMAN, District Judge.

This matter is before the court on the plaintiff's motion to certify this matter as a class action (doc. # 110), the defendants' consolidated motion to dismiss (doc. # 151), and the plaintiff's motion for leave to file a second amended complaint (doc. # 160). The court conducted oral argument on the defendants' motion to dismiss and the plaintiff's motion for leave to file a second amended complaint on January 23, 1998.[1] For the reasons set forth below, this matter must be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's motion for class certification and plaintiff's motion for leave to file a second amended complaint are denied.

Plaintiff purportedly represents a class of all owners of manufactured homes who reside in the Commonwealth. The complaint notes numerous statistics concerning the number of fires—and deaths resulting from those fires—in manufactured homes.

The plaintiff alleges that the defendants "worked jointly to keep purchasers unaware and uneducated as to the dangers posed and to instead affirmatively promote their product as safe." Doc. # 162 at 25. In addition, plaintiff alleges, the defendants have acted in

---

1. It was stated at the hearing that the plaintiff's motion for class certification was stayed. In reality, the motion was not stayed, the court merely elected not to hear oral argument on the motion for class certification. *See* doc. # 168 and # 169.

concert to ensure that the industry remains effectively unregulated regarding fire suppression and to assure that sprinkler systems are not provided as an option to purchasers.

Based on these allegations, the plaintiff's original complaint alleged ten "causes of action" against more than forty builders of manufactured homes sold to Kentucky residents: (1) Strict Product Liability/Defective Condition; (2) Strict Product Liability/Failure to Warn; (3) Negligence; (4) Negligence/Failure to Warn; (5) Breach of Implied Warranty; (6) Breach of Express Warranty; (7) Fraud/Fraudulent Concealment; (8) Misrepresentation; (9) Equitable Relief/Retrofit; and (10) Punitive Damages.

Plaintiff concedes that no punitive class member has actually suffered personal injury or property damage due to fire. Rather, plaintiff's claim is based on a diminution in property value and the stress associated with living in a manufactured home with the knowledge that such homes are subject to fires and their occupants are subject to "an increased risk of injury and death." [2]

Also pending before the court is plaintiff's motion to file a second amended class action complaint. The proposed amended complaint adds Racketeer Influenced and Corrupt Organizations (RICO) claims under 18 U.S.C. § 1962(c) and (d). The RICO claims allege that from 1973 to the present, the defendants engaged in separate but related schemes:

> to mislead said purchasers into believing that their manufactured housing was safe for residential use and incorporated no unreasonable or dangerous fire hazards

and could be used as a personal residence, and to induce purchase upon such basis— while defendant(s) saved the expense of using less flammable building materials, incorporating more safe design, and installing, or offering as an optional feature, a NFPA 13D approved residential sprinkler system in each manufactured housing unit.

Tendered Second Amended Complaint at para. 76. The alleged predicate acts include "hundreds of predicate acts of mail and wire fraud" including transmitting or receiving sale orders, advertisements and warranties by telephone and U.S. mail.

Plaintiff seeks an injunction requiring that the manufactured homes be retrofit with sprinkler systems, compensatory damages— including attorneys' fees—and punitive damages. Because the court has federal question jurisdiction under 28 U.S.C. § 1331 if the RICO claims are permitted to proceed, the court will first address plaintiff's motion to amend his complaint.

### PLAINTIFF'S MOTION TO AMEND MUST BE DENIED

The plaintiff may amend his complaint at this stage of the litigation only with leave of court or written consent of the opposing parties. Fed.R.Civ.P. 15(a). In addition, "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, an amendment should not be permitted if the complaint as amended could not withstand a motion to dismiss. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037 (6th Cir.1991).

---

**2.** At oral argument, plaintiff's counsel mentioned a recent tragedy in which several family members died in a manufactured home fire in this District. Plaintiff's counsel for further stated that, if necessary, the victims in that incident may be added to this suit as named plaintiffs and the manufacturer of the home involved in that fire added here as a named defendant. However, both the plaintiff's original complaint and the tendered second amended complaint lack any allegation that any class member has suffered a fire at his manufactured home. Indeed, plaintiff's counsel admitted to the court that any proposed class members who have suffered a fire are excluded from this purported class:

> Court: How many of the proposed class actually have had fires and injuries or deaths?
> Hillman: We've not included the deaths and injuries in this class action....
> Court: This is a potential situation?
> Chesley: Yes.

Transcript of June 18, 1997 Status Conference, p. 6, lines 6–13. In fact, the court notes that plaintiff's counsel have filed at least one separate case on behalf of a Kentucky family who suffered a fatal fire at their manufactured home. *See Moore v. Belmont Homes*, Covington Civil Action No. 97–81 (filed May 27, 1997). Therefore, owners of mobile homes who have actually suffered personal injuries or property damage due to fire are not before the court in this action.

### A. Plaintiff has Not Alleged an Injury Sufficient to Support a RICO Claim

Pursuant to 18 U.S.C. § 1964(c), "[a]ny person injured in his business or property" by a RICO violation may bring a civil RICO claim. U.S.C.A. § 1964(c) (1997 Supp.). However, those who have not suffered an injury to business or property lack standing to sue under RICO. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).

Personal injuries and mental suffering do not confer standing to bring a RICO claim because those damages are not injuries to "business or property." *Fleischhauer v. Feltner,* 879 F.2d 1290, 1300 (6th Cir.1989), *cert. denied,* 494 U.S. 1027, 110 S.Ct. 1473, 108 L.Ed.2d 611 (1990). Similarly, where an alleged RICO violation induces a plaintiff to enter into a contract on which the plaintiff does not lose money, the plaintiff has suffered no injury and, therefore, lacks standing to bring a RICO claim. *Heinold v. Perlstein,* 651 F.Supp. 1410 (E.D.Pa.1987).

One case is particularly illustrative on this point. In *Heinold v. Perlstein,* 651 F.Supp. 1410 (E.D.Pa.1987), the defendant's alleged RICO violations—including various misrepresentations concerning the diamond's quality—induced the plaintiff to purchase a diamond ring from the defendant. Ultimately, the diamond ring proved to be worth less than the defendant allegedly represented, but it was worth the price the plaintiff paid for it. Thus, although the plaintiff did not realize the bargain he expected in purchasing the ring, the plaintiff did not lose money because he paid no more than the fair market value of the ring. Accordingly, the plaintiff had not been injured, and he lacked standing to initiate a RICO claim.

In the instant case, the plaintiff alleges that the defendants' RICO violations—including misrepresenting the fire safety of the manufactured homes—induced the plaintiff to purchase a manufactured home for use as a personal residence. The plaintiff then used this manufactured home as a personal residence—without incident—for several years. As in the *Heinold* case, there is no allegation that the plaintiff paid more than fair market value for the manufactured home he purchased. Thus, although the plaintiff claims that he did not obtain the expected benefit of the bargain because the home he purchased is "a fire trap," he did not suffer any injury to business or property because he paid no more than fair market value for a manufactured home without a sprinkler system. Accordingly, the plaintiff lacks standing to bring a RICO claim.[3]

### B. Plaintiff Has Not Alleged a Sufficient Causal Connection Between the Alleged Predicate Acts and His Alleged Injury

To state a civil RICO claim, a plaintiff must allege a causal connection between the predicate acts used to establish the pattern of racketeering activity and the plaintiff's injury. *Kenty v. Bank One,* 92 F.3d 384 (6th Cir.1996) Where the alleged predicate acts are mail and wire fraud, the plaintiff must allege with particularity false statements of fact or omissions upon which the plaintiff relied. *Id.* at 390. Indeed, "Fraud alleged in a RICO civil complaint for mail fraud must state with particularity ... the facts showing the plaintiff's reliance on defendant's false statement of fact." *Blount v. Walter E. Heller and Co.,* 819 F.2d 151, 152 (6th Cir.1987). In addition:

[T]he fraud connected with mail or wire fraud must involve misrepresentations or omissions flowing from the defendant to

---

**3.** The plaintiff claims that such a ruling means that expectation damages are not recoverable under RICO. However, the plaintiff misunderstands this conclusion. The court does not hold that expectation damages are unrecoverable under RICO. To the contrary, such damages are recoverable under the right circumstances. *See, e.g., Fleischhauer v. Feltner,* 879 F.2d 1290 (6th Cir.1989), *cert. denied,* 494 U.S. 1027, 110 S.Ct. 1473, 108 L.Ed.2d 611 (1990). However, in this case, the plaintiff has suffered no injury to business or property and thus lacks standing under 18 U.S.C. § 1964(c). Although the plaintiff may claim that his injury to property is the expectation damages on his manufactured home purchase, the only case on point is clear that where, as here, the alleged RICO violations created the expectation, the plaintiff is not entitled to expectation damages and has, therefore, suffered no loss to property. *See Heinold v. Perlstein,* 651 F.Supp. 1410 (E.D.Pa.1987).

the plaintiff. Although a general fraudulent scheme which incidentally affects a person may support other civil claims against the wrongdoer, the victim cannot assert a RICO claim *absent evidence that the defendant made representations to the victim.*

*Central Distributors of Beer, Inc. v. Conn,* 5 F.3d 181, 184 (6th Cir.1993) (emphasis added).

█ In this case, the plaintiff's tendered second amended complaint fails to identify false statements or omissions the defendants made to the plaintiff and fails to allege with particularity the facts showing the plaintiff's reliance on the defendants' statements or omissions. In addition, the alleged predicate acts identified in the tendered second amended complaint occurred between 1990 and 1997.[4] Tendered Second Amended Complaint at para. 79. However, the only named plaintiff in this case admittedly purchased his manufactured home in 1985. Line Aff. Submitted in Support of Class Certification, refiled as exhibit A to Doc. # 164.

Accordingly, the plaintiff's motion to file a second amended complaint must be denied.

## DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF CANNOT SATISFY THE $50,000 JURISDICTIONAL MINIMUM

█ "If a claim of the required jurisdictional amount is apparently made in good faith, that claim controls unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Jones v. Knox Exploration Corp.,* 2 F.3d 181, 182 (6th Cir.1993) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). Generally, "a court will find absence of jurisdictional amount to a legal certainty when state law bars recovery of the type of damages claimed." *Klepper v. First American Bank,* 916 F.2d 337 (6th Cir .1990).

### A. Plaintiff Is Not Entitled to Recover Tort Damages Because He Has Not Identified a "Damaging Event"

█ The Kentucky Supreme Court has clearly stated:

> [T]ort recovery is contingent upon damage from a destructive occurrence as contrasted with economic loss related solely to diminution in value, even though, as to property damage, both may be measured by the cost of repair.

*Real Estate Marketing, Inc. v. Franz,* 885 S.W.2d 921, 926 (Ky.1994) (denying tort recovery to purchasers of home with structural defects). The Court continued, "[T]o recover in tort one cannot prove only that a defect exists; one must further prove a damaging event." *Id.; see also In re General Motors Corp. Anti–Lock Brake Products Liability Litigation,* 966 F.Supp. 1525, 1530 (E.D.Mo. 1997) ("It is clear from Plaintiffs' complaint that they believe the vehicles were defective from the moment they came off the assembly line and that this fact, in and of itself, is behind their claims of damage. Manifestation of the defect in the vehicle, however, is a prerequisite to recovery.").

█ The plaintiff in this case admits that he can identify no "damaging event." However, he contends that the rule requiring a damaging event violates the jural rights guaranteed to him by the Kentucky Constitution.[5] The plaintiff's contention lacks merit.

---

4. In his reply in support of his motion to file a second amended complaint, the plaintiff states that he alleges a continuing RICO enterprise and RICO conspiracy from 1973 to the present. That statement is correct. However, the predicate acts identified in the tendered second amended complaint date back only to 1990. In addition, while it is doubtful that a RICO "enterprise" has been alleged properly, the court need not address this issue. *See Fleischhauer,* 879 F.2d at 1297.

5. Kentucky Constitution § 14 provides that all courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Section 54 denies the General Assembly the power to limit the amount to be recovered for injuries resulting in death, or for injuries to person or property. Section 241 preserves rights of recovery for the death of a person.

As the Kentucky Supreme Court stated in striking down a statute of repose for product liability actions as violative of jural rights:

> The right of action for negligence proximately causing injury or death, which is constitutionally protected in this state, requires more than mere conduct before recovery can be attempted. Recovery is not possible until a cause of action exists. A cause of action does not exist until the conduct causes injury that produces loss or damage ...

*Perkins v. Northeastern Log Homes*, 808 S.W.2d 809, 814 (Ky.1991) (quoting *Saylor v. Hall*, 497 S.W.2d 218, 224–225 (Ky.1973)). Thus, the *Franz* court—in requiring a damaging event to give rise to a cause of action in tort—is merely clarifying when the cause of action exists. It is not limiting the plaintiff's access to the courts or the damages that can be recovered in a tort action once the plaintiff has actually been injured. Accordingly, the Kentucky Supreme Court's decision in *Franz* does not violate the plaintiff's jural rights, and the plaintiff does not yet have a cause of action in tort because he has not suffered a damaging event that caused loss or injury.[6]

### B. Plaintiff's Warranty Claim is Insufficient to Satisfy the $50,000 Jurisdictional Minimum Unless the Claims are Aggregated

The plaintiff filed this action on January 16, 1997, just before the amendment raising the jurisdictional minimum in diversity cases from $50,000 to $75,000 became effective. *See* Pub.L. 104–317, § 205(b). Therefore, the plaintiff must establish that the amount in controversy here exceeds $50,000, exclusive of costs and interest. 28 U.S.C. § 1332.

Although the plaintiff states that there are too many variables to accurately determine the cost of retrofitting each manufactured home with an approved sprinkler system, the plaintiff's counsel stated at an earlier hearing that the average cost to retrofit a home would be $1,000.[7] Thus, unless the claims of the individual putative class members can be aggregated for purposes of determining jurisdiction, the plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

### C. The Claims of Putative Class Members Should Not Be Aggregated for Purposes of Jurisdiction

Generally, the claims of individual class members may not be aggregated to satisfy the jurisdictional minimum amount in controversy. *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); *Sellers v. O'Connell*, 701 F.2d 575 (6th Cir.1983); *Averdick v. Republic Financial Services, Inc.*, 803 F.Supp. 37 (E.D.Ky. 1992); *Earnest v. General Motors Corp.*, 923 F.Supp. 1469 (N.D.Ala.1996). However, "aggregation is permissible when 'two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.'" *Sellers*, 701 F.2d at 579 (quoting *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969)). "An identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." *Sellers*, 701 F.2d at 579. Aggregation is generally permitted only where plaintiffs seek creation of a court supervised common fund or where two or more plaintiffs attempt to enforce a right that belongs to a group. *Averdick*, 803 F.Supp. at 43.

Claims for breach of contract or breach of warranties do not constitute a common and undivided interest because each plaintiff possesses rights under an individual contract or warranty and because a breach of

---

**6.** The plaintiff also argues that *Franz* was wrongly decided. However, as the state law announced by Kentucky's highest court, this court is bound by the *Franz* decision. *See* 28 U.S.C. § 1652; *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

**7.** The plaintiff also alleges that the punitive damages alone may exceed $50,000 per class member. However, in Kentucky, punitive damages may not be awarded for breach of contract.

KRS 411.184(4). Although punitive damages may be awarded if a breach of contract includes tortious conduct, the punitive damages must be for the tort—not for the breach of contract. *See, e.g., Audiovox Corp. v. Moody*, 737 S.W.2d 468, 471 (Ky.App.1987). As explained above, the plaintiff in this case is not entitled to a tort recovery under Kentucky law because he has not suffered any damaging event.

those duties would result in a separate and distinct injury to each plaintiff. *Herlihy v. Ply–Gem Industries, Inc.,* 752 F.Supp. 1282 (D.Md.1990) (denying aggregation of claims to a putative class of plaintiffs who purchased homes made with allegedly defective fire retardant plywood). This is true even where a putative class seeks to create a fund to inspect and repair the allegedly defective product each plaintiff purchased. *Id.* at 1287–1288.

■ In this case, the plaintiff's only non-tort claims are for breach of contract or breach of warranties. The putative class members each possess rights arising from their individual contracts or dealings with the maker or seller of their manufactured home and any breach of those rights would result in a separate and distinct injury to each plaintiff. Although the complaint seeks the creation of a fund to pay for a retrofit program, the monies from that fund would simply be distributed to each plaintiff to repair or retrofit his individual manufactured home with a sprinkler system. If one class member does not recover, the amount allocated to remaining class members would not increase. Under the facts of this case, then, it cannot be said that the putative plaintiff class is seeking to enforce a single right in which they share a common and undivided interest, and their claims cannot be aggregated to satisfy the jurisdictional minimum. Therefore, because the individual plaintiff cannot satisfy the jurisdictional minimum, this case must be dismissed without prejudice for lack of subject matter jurisdiction.

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION MUST BE DENIED

Because this case must be dismissed for lack of subject matter jurisdiction, plaintiff's motion for class certification must be denied as moot. However, even if this court could assert jurisdiction in this case, it is unlikely that this matter could proceed as a class action.

■ The plaintiff in this case seeks to proceed as a class under Federal Rule of Civil Procedure 23(b)(1)(A) or 23(b)(2). To do so, the plaintiff must establish that the four requirements of Rule 23(a) have been satisfied as well as at least one section of Rule 23(b). Fed.R.Civ.P. 23(b); *Amchem Products, Inc. v. Windsor,* —— U.S. ——, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). The plaintiff in this case is unable to do so because there are few—if any—common issues of fact or law as each purported class member purchased his or her manufactured home from a different vendor, relying on different alleged misrepresentations; the sole class representative purchased his manufactured home years before many of the defendants' alleged improper actions occurred; and there is virtually no indication that "the party opposing the class has acted or refused to act on grounds generally applicable to the class." *See generally Amchem Products, Inc. v. Windsor,* —— U.S. ——, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

In addition, many class members may have purchased a mobile home even if fully aware of the risk because units with sprinklers would have been more expensive. Also, all of the claims involved in this action (as opposed to those actions actually involving fires in mobile homes) are prospective. There is doubt that such prospective claims are even justiciable. *See Georgine v. Amchem Products, Inc.,* 83 F.3d 610 (3rd Cir.1996) (Wellford, J., concurring), *affirmed, Amchem Products, Inc. v. Windsor,* —— U.S. ——, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Certainly, the Supreme Court's decision in *Amchem* makes clear that—even in settlement situations—purely prospective claims are dubious at best. Accordingly, plaintiff's motion for class certification is denied.

### CONCLUSION

The court has addressed above the procedural and substantive difficulties with plaintiff's suit. One problem with the plaintiff's position is that he is asking the court to act as a legislative or administrative agency. This is not an appropriate role for the court, and it is not surprising that the action fails to fit the framework provided by existing law.

Therefore, the court being advised,

**IT IS ORDERED** as follows:

1. Plaintiff's motion to certify this matter as a class action (doc. # 110) is **denied;**

2. Defendants' consolidated motion to dismiss (doc. # 151) is **granted;** and

3. Plaintiff's motion for leave to file a second amended complaint (doc. # 160) is **denied;** and

4. A separate Judgment shall enter concurrently herewith.

### *JUDGMENT*

Pursuant to the Opinion and Order entered concurrently herewith,

**IT IS ORDERED AND ADJUDGED** that the complaint and amended complaint herein be, and they are, hereby **dismissed,** without prejudice, at the cost of the plaintiff; and this matter is hereby **stricken** from the docket of this court.